UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA SANFORD,
    Plaintiff/Counter-Defendant,

v.

BANK OF AMERICA, N.A., *formerly known as* STANDARD FEDERAL BANK,
    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

BERNARD SANFORD,
    Third-Party Defendant.
                            /

Case No. 10-cv-12333

Honorable Patrick J. Duggan

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 19, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On May 21, 2010, Cynthia Sanford ("Plaintiff") filed this *pro se* action, alleging that Bank of America ("BOA"), formerly known as Standard Federal Bank, violated 42 U.S.C. § 407(a), causing Plaintiff to fail to pay her mortgage in August 2000. Plaintiff alleges that BOA's actions violated her mortgage agreement and the Social Security Act, 42 U.S.C. § 401 *et seq*. Before the Court is BOA's Motion for Consolidation, filed on October 15, 2010. The Court dispenses with oral argument pursuant to E. D. Mich. LR 7(f)(2), and for the reasons stated below, grants Defendant's Motion.

**I. Factual and Procedural Background**

Plaintiff filed this action in Wayne County Circuit Court on May 21, 2010, alleging

that BOA's violation of 42 U.S.C. § 407(a) prevented her from making her mortgage payment in August 2000. Compl. ¶ 1. She seeks an order quieting title and vacating a sheriff's deed to property located at 9163 Winthrop. *Id.* ¶ 3. Plaintiff also seeks to recover profits that could have been obtained by leasing the home. *Id.*

On May 21, 2010, the same day Plaintiff filed this action, she also filed an action in the Eastern District of Michigan against BOA. In her federal court Complaint, Plaintiff alleged that BOA attempted to "collect a bank created overdraft debt" from her bank account, which contained only Supplemental Security Income ("SSI") funds. She claimed that those funds were exempt from collection pursuant to 42 U.S.C. § 407(a), and that BOA either knowingly froze exempt funds or failed to determine whether those funds were exempt before freezing them. In her federal Complaint, Plaintiff sought damages in excess of $75,000 and an order vacating an unidentified sheriff's deed held by BOA. The case was assigned case number 10-cv-12052, and assigned to this Court.

BOA removed the state court action to the Eastern District of Michigan on June 11, 2010. It was subsequently reassigned to this Court as a companion case to case number 10-cv-12052.

On September 24, 2010, BOA filed amended answers in both cases, asserting counterclaims of malicious prosecution against Plaintiff and third-party claims of malicious prosecution against Plaintiff's husband, Bernard Sanford. In support of these claims, BOA detailed extensive litigation allegedly stemming from the same transaction, including five dismissed state and federal court cases and six dismissed bankruptcy cases.

BOA filed Motions for Consolidation in both cases before this Court on October 15,

2010. BOA argues that consolidation pursuant to Federal Rule of Civil Procedure 42(a) is appropriate because both cases involve the same parties and common questions of law and fact. BOA contends that judicial economy favors consolidation, as redundant filings would be eliminated. BOA argues that the Sanfords would suffer no prejudice because the claims, facts, and witnesses in the two actions are the same.

## II. Discussion

When actions involving a common question of law or fact are pending before the court, the court may order a joint hearing or trial of any or all of the matters in issue in the actions, order all the actions consolidated, or make such orders as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a). "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court . . . ." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). A trial court making the decision to consolidate must consider:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (alteration in original) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

Plaintiff's suits involve similar factual questions, as both stem from BOA's alleged freezing of SSI funds in Plaintiff's bank account. The two suits involve common legal questions, as they allege that BOA violated 42 U.S.C. § 407(a) and mortgage agreement

3

provisions by freezing Plaintiff's funds. The counterclaims and third-party claims in both suits are identical, presenting the Court with common factual and legal questions. Concerns of judicial economy favor consolidation, as the parties and witnesses in both actions are the same. There is no indication that the Sanfords will suffer prejudice from consolidation. The Court therefore concludes that consolidation is appropriate.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Consolidation is **GRANTED**;

**IT IS FURTHER ORDERED** that Case No. 10-cv-12052 and Case No. 10-cv-12333 are consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a), and that the consolidated cases shall proceed as Case No. 10-cv-12052.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:

Joseph H. Hickey, Esq.
Brandon M. Blazo, Esq.
Marilyn A. Peters, Esq.

Cynthia Sanford
20222 Greenlawn
Detroit, MI 48221

Bernard Sanford
20222 Greenlawn
Detroit, MI 48221